

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 11, 1951

Hon. Homer Garrison, Jr., Director
Texas Department of Public Safety
Austin, Texas                    Opinion No. V-1276

Re: Legality of weighing
cattle trucks to deter-
mine whether they are
properly registered in
view of House Bill 11,

Dear Col. Garrison:         Acts 52nd Leg., 1951.

　　　　　You have asked for an opinion of this office as
to the legality of weighing cattle trucks to determine
whether they are properly registered when such trucks are
destined to points in Texas. Your inquiry has been made
as a result of the passage of House Bill 11, Acts 52nd
Leg., 1951, ch. 116, p. 189, concerning the gross weight
of commercial vehicles and providing for the weighing of
such vehicles and for their unloading when the gross
weight or axle load of the vehicle is unlawful. Your
specific question is as follows:

　　　　　"Does H. B. 11, 52nd Texas Legislature,
Regular Session, 1951, prohibit License and
Weight Inspectors of the Texas Department of
Public Safety from weighing cattle trucks for
the purpose of determining whether they are
properly registered when such cattle trucks are
destined to points in Texas?"

　　　　　Section 6, subdivision 1, Article 827a, Vernon's
Penal Code, as enacted in House Bill 11, provides in part
that:

　　　　　"Provided, however, that if such load
consists of livestock, then such operator
shall be permitted to proceed to destina-
tion without being weighed, provided desti-
nation be within the State of Texas."

　　　　　Article 6675a-8, Vernon's Civil Statutes, provides
for the payment of annual license fees for the registration
of trailers or semi-trailers, such fees being based upon gross

weight and tire equipage. Article 6675a-8 provides in part that:

> "The term 'gross weight' as used in this section means the actual weight of the trailer or semi-trailer, as officially certified by any Public Weigher or any License and Weight Inspector of the State Highway Department, plus its net carrying capacity. 'Net carrying capacity' as used in this section shall be the weight of the heaviest net load to be carried on the vehicle being registered; provided said net carrying capacity shall in no case be less than the manufacturer's rated carrying capacity."

Article 6695, V.C.S., provides as follows:

> "If any person shall operate, or permit to be operated, any motor vehicle, licensed under this law, of a greater weight than stated in his declaration or application for license, he shall be guilty of a misdemeanor, and upon conviction, shall be fined in any sum not exceeding Two Hundred ($200.00) Dollars, and each use of such vehicle shall constitute a separate offense; and venue for prosecutions hereunder shall lie in any county in which any motor vehicle is operated with a greater gross weight than that stated in the declaration or application for a license for such motor vehicle."

The authority of the License and Weight Inspectors of the Texas Department of Public Safety to enforce the State motor vehicle registration statutes, including Article 6675a-8 and Article 6695, supra, is contained in Section 16 of Article 827a, V.P.C., and Article 4413(12), V.C.S.

We are of the opinion that House Bill 11, supra, does not prohibit License and Weight Inspectors of the Texas Department of Public Safety from weighing cattle trucks for the purpose of determining whether they are properly registered when such cattle trucks are destined for points in Texas. We do not believe the Legislature intended to prevent in any way enforcement of the registration statutes in providing that a vehicle loaded with cattle and destined to some point in Texas should not be weighed for the purpose of determining whether there is a violation of the load limit law. The purposes of the load limit law and the registration statutes are manifestly different, and such purposes

are certainly not conflicting. No mention is made of any attempt to legislate on the question of registration in the caption of House Bill 11 or in the Act itself. We find no conflict between the two statutes and therefore conclude that the passage of House Bill 11 does not affect the right of License and Weight Inspectors of the Department of Public Safety to weigh cattle trucks for the purpose of determining whether they are properly registered as provided for in Article 6675a-8, V.C.S.

## SUMMARY

House Bill 11, Acts 52nd Leg., 1951, ch. 116, p. 189, does not prohibit License and Weight Inspectors of the Department of Public Safety from weighing cattle trucks for the purpose of determining whether they are properly registered under the provisions of Article 6675a-8, V.C.S.

APPROVED:

Yours very truly

Ned McDaniel
State Affairs Division

PRICE DANIEL
Attorney General

Jesse P. Luton, Jr.
Reviewing Assistant

Everett Hutchinson
Executive Assistant

By Clyde B. Kennelly
Clyde B. Kennelly
    Assistant

CBK/jmc/rt